# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | 2:13-cv-02165-JCM |
| Appellant(s), | |
| v. | |
| R & S ST. ROSE LENDERS, LLC, et al., | |
| Appellee(s). | |

**ORDER**

Presently before the court is the matter of *Branch Banking & Trust Co. v. R&S St. Rose, LLC* (case no. 2:13-CV-02165-JCM), under which *Commonwealth Land Title Ins. Co. v. R&S St. Rose, LLC* (case no. 2:13-CV-02177-GMN) was consolidated. (Doc. # 13). Appellants, Branch Banking & Trust Company ("BB&T") and Commonwealth Land Title Insurance Co. ("Commonwealth"), filed opening briefs (docs. # 7, 8)[1], to which appellee R&S St. Rose, LLC answered (doc. # 10). Appellants Commonwealth (doc. # 14) and BB&T (doc. # 15) have filed replies.

**I.   Background**

The instant appeal arises from the bankruptcy court's order confirming the appellee's first amended liquidating plan of reorganization ("the plan") pursuant to chapter 11 of the bankruptcy code. (Doc. # 1 at 4).

---

[1] These refer to the docket numbers in the respective case numbers.

**James C. Mahan**
**U.S. District Judge**

Appellants seek reversal of this confirmation order, asserting that the bankruptcy court erred in: (1) permitting appellee to place the Clark County Taxing Authority ("CCTA") into a separate class; (2) treating the CCTA as a separate impaired class; and (3) cramming down the plan over the objections of BB&T.  (Doc. # 7 at 7).  The court will address each in turn.

## II. Legal Standard

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158.  *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005).  A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges."  28 U.S.C. § 158(a); *In re Rains*, 428 F.3d at 900.  The district court reviews a bankruptcy court's conclusions of law, including its interpretation of the bankruptcy code, on a *de novo* basis.  *In re Rains*, 428 F.3d at 900; *In re Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011).  Findings of fact are reviewed for clear error.  *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009).

## III. Discussion

### A. Classification of claims

Appellants argue that the bankruptcy court erred by permitting appellee to place the CCTA in a class.  In particular, appellants contend that 11 U.S.C. §§ 1123(a)(1), 507(a)(8), and 1129(a)(9) do not permit a plan proponent to place a property tax claim in a class and, as such, appellee is unable to satisfy § 1129(a)(10).

In response, appellee argues that the CCTA is a "secured tax claim" and, thus, does not fall within the "unsecured claims" as stated in § 507(a)(8).  In support, appellee contends that § 1123(a)(1) clearly prohibits the classification of "unsecured tax claims," but not the classification of "secured tax claims."  Appellee further contends that appellants confuse the terms "classification" and "treatment."  The court agrees.

Title 11 U.S.C. § 1123(a)(1) states that a plan shall "designate . . . classes of claims, other than claims of a kind specified in section . . . 507(a)(8) of this title, and classes of interests[.]"  Section 507(a) governs claim priority and subsection (8) applies to "unsecured claims of

James C. Mahan
U.S. District Judge

- 2 -

1  governmental units[.]" Appellants concede that the CCTA's claim is a "secured tax claim." (Doc.
2  # 7 at 14). Accordingly, the CCTA's claim is not a claim within the meaning of § 507(a)(8) so as
3  to be precluded from classification under § 1123(a)(1).

4  Title 11 U.S.C. § 1129(a) governs the confirmation of a plan and states in relevant part:

> (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that--
> . . .
> (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash--
> (I) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
> (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and
> (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and
>
> (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

19  Appellants argue that § 1129(a)(9)(D) requires that a secured tax claimant be treated in the
20 same manner as a § 507(a)(8) unsecured tax claimant under § 1129(a)(9)(C) and, as such, it follows
21 that the analysis for the unsecured and secured tax claimants is the same so as to preclude the CCTA's
22 claim in a class. The court disagrees. Appellant cites to no authority to support their inference.
23 Section 1129(a)(9)(D) merely instructs the manner of payment, not the classification of a claim.

24  Accordingly, the court finds that the bankruptcy court did not err by allowing the appellee to
25 place the CCTA in a class.

26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

    *B.    Impairment and cram down*

Under 11 U.S.C. § 1129(a)(8), a bankruptcy court generally may not confirm a chapter 11 plan of reorganization if any impaired class of creditors votes to reject the plan. However, a plan may be "crammed down" over the objection of a dissenting creditor class under § 1129(b).

Section 1129(b)(1) states:

> [I]f all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

This provision permits a plan to be "crammed down" over the objection of dissenting creditor classes, subject to the bankruptcy court's determination that the plan treats those classes fairly. However, a cram down is possible only where the requirements of § 1129(a) have been met. Among those is the requirement that, "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan." 11 U.S.C. § 1129(a)(10); *In re L & J Anaheim Assocs.*, 995 F.2d 940, 942 (9th Cir. 1993).

Title 11 U.S.C. § 1124 governs the impairment of claims or interests and states in relevant part:

> [A] class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan–
>
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest. . .

"It is well established that, with this language, Congress defined impairment in the broadest possible terms." *In re L & J Anaheim Assocs.*, 995 F.2d 940, 942 (9th Cir. 1993) (internal quotations and citation omitted). The Ninth Circuit has suggested that under this broad definition, "any alteration of the rights constitutes impairment even if the value of the rights is enhanced." *Id.* (citation omitted).

In *In re L & J Anaheim Associates*, the Ninth Circuit held that "abuses on the part of a plan proponent ought not affect the application of Congress's definition of impairment." 995 F.2d at 943 n. 2. Rather, such abuses should be "addressed by the bankruptcy court by denying confirmation on

the ground that the plan has not been proposed in 'good faith.'" *Id.* (holding that a plan proponent's motivations will not be questioned in determining whether a class is impaired under § 1129(a)(10), but will be examined in deciding whether a plan was proposed in bad faith).

Appellants contend that the CCTA's claim was impaired only in order to cram down the plan. The Ninth Circuit has recognized that the act of impairment in an attempt to gerrymander a voting class of creditors is indicative of bad faith. *In re Hotel Assocs. of Tucson*, 165 B.R. 470, 475 (9th Cir. BAP 1994).

Here, the bankruptcy court addressed appellants' argument regarding bad faith and found that there were "valid economic or business reasons for the proposed treatment in this case [and that] no artificial impairment of [the CCTA's] claim exists." (Doc. # 8-27). Given the standard of review, the judgment of the bankruptcy court is affirmed as no clear error exists. The CCTA's claim was clearly altered and, is therefore, impaired for the purposes of § 1124(1).

As the CCTA is a class that has been impaired under the plan and has accepted the plan so as to satisfy § 1129(a)(10), the court finds that the bankruptcy court correctly interpreted and applied the bankruptcy code. Accordingly, the court will affirm the bankruptcy court's order confirming the appellee's first amended liquidating plan of reorganization pursuant to chapter 11.

## IV. Conclusion

Upon review, the court finds that the bankruptcy court did not err in allowing the appellee to place the CCTA's claim in a separate class. Furthermore, the bankruptcy court correctly treated the CCTA as an impaired class and properly crammed down the plan over the appellants' objections.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the bankruptcy court's order confirming the appellee's plan is AFFIRMED.

DATED August 7, 2014.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -